**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| CAMBRIA COMPANY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:20-cv-00508 (PLM-PJG) |
| | ) | |
| LAKESIDE SURFACES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATED PROTECTIVE ORDER

WHEREAS Plaintiff Cambria Company LLC ("Cambria" or "Plaintiff") and Defendant Lakeside Surfaces, Inc. ("Lakeside" or "Defendant") may seek discovery of documents, information or other materials that may constitute or contain sensitive proprietary information, such as trade secrets or other confidential research, development, or commercial information, of the Parties or non-parties;

WHEREAS such trade secret, confidential, or proprietary information must be protected in order to preserve the legitimate business interests of the Parties or other Persons (as defined herein);

WHEREAS Plaintiff and Defendant have, through counsel, stipulated to the entry of this Stipulated Protective Order ("Order") to prevent unnecessary dissemination or disclosure of such trade secret, confidential, or proprietary information;

WHEREAS the Parties recognize that CONFIDENTIAL and HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION are being produced only for use in *Cambria Company LLC v. Lakeside Surfaces, Inc.*, C.A. No. 1:20-cv-00508 (PLM-PLG) ("this Action");

WHEREAS the Parties have established good cause for entry of this Order; and

NOW THEREFORE, pursuant to Federal Rule of Civil Procedure 26(c), upon the stipulation and consent of the Parties and for good cause shown, the Court hereby ORDERS that:

## 1.    SCOPE

This Order shall govern the disclosure, production and use of Discovery Material (as defined below) produced in connection with this Action.  This Order shall apply regardless of whether such information was produced prior to or after entry of this Order.

## 2.    DEFINITIONS

(a)    The term "CONFIDENTIAL INFORMATION" shall mean any tangible document, thing, or oral testimony that contains or reveals information (regardless of how it is generated, stored, or maintained) that is not publicly known and which the Designating Party would not normally reveal to third parties or, if disclosed, would require such third parties to maintain in confidence, or that the Producing Party believes in good faith are protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. This designation shall be made in good faith.  Any summary, compilation, notes, memoranda, analysis or copy containing CONFIDENTIAL INFORMATION and any electronic image or database containing CONFIDENTIAL INFORMATION shall be considered CONFIDENTIAL INFORMATION to the same extent as the material or information from which such summary, compilation, notes, copy, memoranda, analysis, electronic image, or database is derived.

(b)    The term "disclose" means to show, give, make available or communicate, in any fashion, to any Person (as defined herein), any information, document,

2

information concerning the content of any document, or any portion of the information contained in any document, furnished by any Party or non-party in this Action.

(c)     The term "Discovery Material" means any document or thing, and includes, without limitation, any writings, video or audio tapes, computer-generated or recorded information in any form, materials, oral or written testimony, interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, document requests, responses to document requests, deposition testimony, subpoenas, declarations, affidavits, deposition transcripts and exhibits, and other responses to requests for information or any tangible thing, produced by a Party or non-party in this Action.

(d)     The term "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION" shall include any CONFIDENTIAL INFORMATION which the Producing Party reasonably believes to be so competitively sensitive that it is entitled to extraordinary protections.  This designation shall be made in good faith.  Any summary, compilation, notes, memoranda, analysis or copy containing HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION and any electronic image or database containing HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION shall be considered HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION to the same extent as the material or information from which such summary, compilation, notes, copy, memoranda, analysis, electronic image, or database is derived.  Examples of the types of information that may be

requested in discovery and designated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION if produced include, but are not limited to:

(i)     Any non-public patent or trademark documents, including, but not limited to, drafts and underlying technical documents, invention disclosures, license agreements, and development agreements, that relate to slab designs or patterns;

(ii)     Marketing, sales, revenues, profits, forecasts, and business plans or strategies, including, but not limited to, those identifying the number of products sold, total dollar value of products sold, and profit margins for products, both forecasted and actual, as well as market and demographic research, and product and advertising development;

(iii)     Information constituting product specifications, formulations and/or regarding the manufacture of the Party's past, current or future products, including product samples and documents referring or relating to such product samples;

(iv)     Technical materials of a Party, including product and manufacturing specifications, design specifications, development reports, product and manufacturing specifications, or other similar information;

(v)     All information relating to a Party's design and development efforts, including development reports, design plans, market and demographic research, and product and advertising development;

(vi)    Personal information and/or identities of customers and/or employees; and

(vii)    Any document attaching any of items (i)-(vi) of this Paragraph 2(d).

(e)    The term "Outside Counsel" means outside litigation counsel of record for the Parties, including Outside Counsel's associated partners, associates, attorneys, and personnel necessary to assist outside counsel in this Action, such as legal assistants, paralegals, analysts, secretarial, stenographic, information technology and clerical employees actually assisting such counsel; outside litigation support vendors hired by a Party that scan, code and/or produce documents at such counsel's request; translation services; computer services; trial consultants, graphic consultants, their employees, and independent contractors hired to assist them, other than those persons described in paragraph 2(k)(i)(6) below.

(f)    The terms "Parties" or "Party" mean the following parties in this Action: Cambria Company LLC, and Lakeside Surfaces, Inc.

(g)    The term "Person" means any natural person or any business, legal or governmental entity or association.

(h)    The term "Producing Party" means any Party, Person, or non-party who produces any information, whether oral or in documentary or other tangible form.

(i)    The term "Protected Material" means any disclosure or Discovery Material that is designated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION." Protected Material may include, without limitation, documents produced in this Action, during formal discovery or otherwise; information of nonparties which the

5

producing or designating party is under an obligation to maintain in confidence; initial disclosures; answers to interrogatories and responses to requests for admission or other discovery requests; deposition or hearing transcripts; affidavits; exhibits; subpoenas; declarations; experts' reports; memoranda of law; and tangible things or objects that are designated confidential pursuant to this Order.  The information contained therein and all copies, abstracts, excerpts, analyses, notes, or other writings that contain, reflect, reveal, or otherwise disclose such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION shall also be deemed CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION.  Information originally designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION shall not retain that status after any ruling by the Court denying such status to it.  Each Party shall act in good faith in designating information as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION.

(j)      The term "Protected Material" shall NOT include:

(i)      Information that was or is in the public domain at the time of disclosure, not in violation of this Order;

(ii)      Information which after disclosure is published or becomes part of the public domain, through no fault of a Person receiving information under

this Order, but only after it is published or comes into the public domain, not in violation of this Order;

(iii)    Information that is in the possession of a Party receiving such information without any confidentiality obligations at the time of disclosure, and such information was received from a source that possessed the right to disclose it without any such confidentiality obligations;

(iv)    Information disclosed by a non-party that is not subject to any confidentiality obligations at the time of the disclosure;

(v)    Information that is discovered independently by the Receiving Party by means that do not constitute a violation of this Order; or

(vi)    Information that was, is, or becomes expressly released from being designated as Protected Material (as defined in Paragraphs 3(d), and 7 below), by the Producing Party or by order of the Court.

(k)    The term "Qualified Person" means:

(i)    With respect to "CONFIDENTIAL INFORMATION:"

(1)    Outside Counsel;

(2)    Current or former employees of any Party who are authors, addressees, or recipients of the CONFIDENTIAL INFORMATION;

(3)    Outside independent experts and consultants of the Parties who are assisting Outside Counsel in this Action, including any necessary respective staffs under their direct supervision and employed by them or their employer or organization and any third

party testing laboratories and their staffs retained by any of the Parties or their counsel for purposes of this Action, provided that any applicable requirements of Paragraph 4(c) below are satisfied;

(4) Two Designated In-House Counsel for each Party and their respective secretarial, clerical, and paralegal staff members, subject to the procedures outlined in this Protective Order, who:

    (a) are responsible for monitoring and/or supervising this Action;

    (b) agree to be bound by the terms of the Protective Order by signing the Undertaking and Acknowledgement of Protective Order and Confidentiality Stipulation ("Undertaking"), attached hereto as Exhibit A;

(5) Court reporters, translators, videographers, and their respective staffs employed in connection with this Action;

(6) Non-parties specifically retained to assist outside counsel of record with copying and computer services necessary for document handling, and other litigation support personnel (e.g., graphic designers and animators, database entry personnel);

(7) Jury or trial consulting services retained by a Party in this Action;

(8) Third party contractors and their employees involved in document review, management, or copying services for this Action;

(9) The Court and Court personnel, including stenographic reporters and other persons authorized to officially record a deposition in this matter;

(10) Any other person designated as permitted by Order of this Court, after notice to all Parties; and

(ii) With respect to "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION:"

(1) Those Qualified Persons as defined in Paragraph 2(k)(i)(1)-(3) and (5)-(10) above.

(l) The term "Receiving Party" means any Person to whom CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION is disclosed in this Action.

(m) Any other term not defined herein shall carry its ordinary meaning.

**3. DESIGNATION OF PROTECTED MATERIAL**

(a) Each Producing Party which produces or discloses any material that it believes contains or comprises CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION shall designate the same by marking "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION" on any document containing the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION. When documents or things are produced for inspection, the documents or things may be collectively designated as containing

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION for purposes of the inspection, by letter or otherwise, without marking each document or thing "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION," and such documents or things will be treated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION under this Order.

(b)     If any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION is produced by a non-party to this litigation, such a non-party shall be considered a Producing Party within the meaning of that term as it is used in the context of this Order and all Parties to this Order should be treated as Receiving Parties.  The Parties recognize that during the course of this Action, CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION that originated with a non-party and for which there exists an obligation of confidentiality may be produced.

(c)     In the event any Producing Party discovers, after it has produced information, that it has inadvertently produced CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION that has not been correctly designated, the Producing Party may re-designate the information by a subsequent notice in writing specifically identifying the re-designated information, in which event the Parties shall henceforth treat such information in accord with this Order, and shall

undertake reasonable efforts to correct any disclosure of such information contrary to the re-designation.

(d)     All information disclosed at a deposition shall be automatically designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION for a period of thirty (30) days[1] from the date the final deposition transcript becomes available, and the transcript shall not be disclosed during such time by a non-designating party to persons other than those persons named or approved according to Paragraph 2. Thereafter, the information contained in the deposition transcript will no longer be deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION unless: (1) in a writing sent to counsel for the Receiving Party before the expiration of the thirty-day period, counsel for the Producing Party claims in good faith that the deposition transcript (or specific portion(s) of it) contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION or (2) at the deposition, counsel for the Producing Party in good faith states on the record that the deposition transcript contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION.

(e)     At least the first page of any correspondence, any written discovery request or response (including interrogatories, document requests, and requests for

---

[1] All references to "days" in this Order shall be construed as calendar days and any deadlines shall be computed in accordance with Rule 6(a) of the Federal Rules of Civil Procedure, unless specified otherwise herein.

admission), documents filed with the Court, or any report of an expert witness that constitutes or contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION shall be labeled or marked as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION when served on the Receiving Party.

**4.      DISCLOSURE OF PROTECTED MATERIAL**

(a)      Except with the prior written consent of the Party or Person originally designating Discovery Material as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION," or as provided in this Order, no CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION may be disclosed to any Party or Person, other than the Qualified Persons as set forth in Paragraph 2(k) above for CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION, respectively.  Access, disclosure or dissemination of HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION shall be limited to those identified Qualified Persons identified in paragraphs 2(k)(i)(1)-(3) and (5)-(10), as defined above.

(b)      Any information designated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION" shall be maintained in confidence by any Receiving Party.

Protected Material may be disclosed only to the Qualified Persons as set forth for CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION, respectively, in Paragraph 2(k) above.  Prior to any disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION to Qualified Persons in category (3) of Paragraph 2(k)(i) or CONFIDENTIAL INFORMATION to Qualified Persons in category (4) of Paragraph 2(k)(i) above, the relevant requirements of Paragraph 4 below shall be satisfied, including that each such Qualified Person in category (3) or (4) shall read this Order and sign the Undertaking attached hereto as Exhibit A and also complete the relevant requirements of Paragraphs 4(c), as specified below.  The Party that has retained or disclosed CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION to the Qualified Persons shall retain a copy of the executed Undertaking(s) until the final resolution of this Action.

(c)     The following applies for each independent expert and consultant described in Paragraph 2(k)(i)(3) above to whom CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION is to be given, shown, disclosed, made available or communicated in any way:

(i)     Such expert or consultant shall first read this Order and sign the Undertaking attached hereto as Exhibit A.

13

(ii)     At least five (5) business days prior to the Receiving Party giving, showing, disclosing, making available or communicating CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION to any expert or consultant, the Receiving Party shall deliver (by electronic mail) to all other Parties a copy of the signed Undertaking, a resume or curriculum vitae, and a listing of any consulting activities within the last four (4) years.

(iii)     If a Party has a good faith basis for believing it would be harmed by the proposed disclosure, the Party shall be entitled to object to such disclosure within five (5) business days after service of the information called for in Paragraph 4(c)(ii).  Objections must be in writing and state with particularity the basis for the objection.

(iv)     In the event of such an objection to disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION, the Parties shall meet and confer within three (3) business days to attempt to resolve the concerns giving rise to the objection.  If the Parties are unable to reach an agreement regarding such disclosure, the Party objecting to disclosure may, within five (5) business days of the meet and confer, request that the Court issue an order barring such disclosure.  The objecting Party shall have the burden of showing why that person should not have access to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION.  Pending resolution of any

14

such motion or application, no disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION shall be made to that person. The filing and pendency of such motion shall not limit, delay, or defer any disclosures of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION to persons as to whom no such objection has been made.

(d)     The following applies for each Designated In-House Counsel in Paragraph 2(k)(i)(4) above to whom CONFIDENTIAL INFORMATION is to be given, shown, disclosed, made available or communicated in any way:

(i)     Prior to receiving any CONFIDENTIAL INFORMATION, the Designated In-House Counsel, as well as the position and job function of such Designated In-House Counsel, shall be identified to the Producing Party that designated the information and shall execute a written Acknowledgment of Protective Order (in the form set forth as Exhibit A hereto) acknowledging and agreeing to be bound by the terms of this Order and to submit to the personal jurisdiction of the United States District Court for the Western District of Michigan, Southern Division.

(ii)     In the event of such an objection to disclosure of CONFIDENTIAL INFORMATION to the Designated In-House Counsel, the Parties shall meet and confer within three (3) business days to attempt to resolve the concerns giving rise to the objection.  If the Parties are unable to reach an agreement regarding such disclosure, the Party objecting to disclosure may,

within five (5) business days of the meet and confer, request that the Court issue an order barring such disclosure. The objecting Party shall have the burden of showing why that person should not have access to CONFIDENTIAL INFORMATION. Pending resolution of any such motion or application, no disclosure of CONFIDENTIAL INFORMATION shall be made to that person. The filing and pendency of such motion shall not limit, delay, or defer any disclosures of CONFIDENTIAL INFORMATION to persons as to whom no such objection has been made.

5. **USE AND CONTROL OF PROTECTED MATERIAL**

(a) CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION shall

(i) be maintained in strict confidence by the Receiving Party,

(ii) not be disclosed to, or used by, any individual or entity except as permitted by this Order, and

(iii) be used by the Receiving Party solely for the purposes of prosecution and defense of this Action, any appeal thereof, settlement discussions and negotiations, and any form of alternative dispute resolution in this Action and not for any business, legal, commercial, competitive, or personal purpose in the U.S. or in a foreign country, except by consent of the parties and/or order of this Court.

(b) CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION may be disclosed by a

Receiving Party during a deposition, to the extent that its use is reasonably necessary, at the depositions of the following:

(i)      Any person authorized to have access to the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION under this Order;

(ii)     An independent advisor, consultant or expert retained by the Producing Party, to the extent that only the Producing Party's CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION is disclosed;

(iii)    The present directors, officers, employees, agents, or Rule 30(b)(6) designees of the Producing Party, to the extent that only the Producing Party's CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION is disclosed;

(iv)     Any person for whom prior authorization is obtained from the Producing Party or the Court; or

(v)      Individuals who have been identified through discovery (including document production, written discovery, or deposition testimony) as having knowledge of the particular CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION, even if the individual is not identified as an actual author or recipient on the face of the document at issue.

17

(c)     Consistent with other provisions of this Order, when a Party's or non-party's CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION is discussed or disclosed during a deposition, the Party or non-party may exclude any Person not authorized under this Order to have access to the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION from the depositions while the CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION is disclosed or discussed.

(d)     Where a document contains both discoverable and non-discoverable information, the Producing Party may cover the non-discoverable information with a black box or with white before producing it, but if white is used the Producing Party also must plainly identify each such point of redaction with the label "REDACTED."

6.     **COURT FILINGS**

(a)     All documents of any nature, including briefs, which have been designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION and which are filed with the Court, shall be filed under seal in accordance with the provisions of the Local Civil Rules of the United States District Court for the Western District of Michigan, LCivR 10.6 ("Procedures").  All such documents so filed shall remain treated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE

18

COUNSEL'S EYES ONLY INFORMATION unless the District Court subsequently orders otherwise.

(b)      The Parties filing any brief, memorandum, motion, letter or other document ("Filing") under seal with the Court because that Filing would disclose information from a document that is otherwise required to be filed under seal pursuant to the provisions of this Order shall comply with the provisions of the Procedures.

(c)      Upon the failure of the filing or lodging party to properly designate information, any Party or non-party who in good faith believes that designation and filing under seal is required may move the Court to file said information under seal within fourteen (14) days of learning of the defective filing or lodging.  Notice of such designation shall be given to all Parties in this Action.  Nothing in this provision relieves a Party of liability for damages caused by failure to properly file CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION under seal.  The burden of proving that such information should be sealed shall at all times remain on the Party which designated information as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION.

7.      **CHALLENGES TO DESIGNATION**

A Receiving Party's acceptance of information designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION from a Producing Party shall not constitute an admission, or create an inference, that the material is in fact CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES

ONLY INFORMATION within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G). This Order shall not foreclose any Party from moving for an order that information designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION is not CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G), or otherwise subject to protection from disclosure by the Court. Prior to bringing such a motion, however, the Receiving Party shall first request in writing that the Producing Party change or remove its designation. If the Producing Party refuses to change its designation within seven (7) days, the parties shall meet and confer and if agreement cannot be reached, the Receiving Party may move for an order changing or removing the designation in accordance with the Court's discovery dispute resolution procedures. On such a motion, the Producing Party shall have the burden of proving that the information designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION embodies, constitutes, contains, reveals, relates to, or reflects CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION as defined by Paragraph 2(a) or (d), or is otherwise subject to protection from disclosure by the Court.

8.   **INADVERTENT PRODUCTION**

(a)      In the event any document is produced that the Producing Party later claims is protected by the attorney-client privilege, work-product doctrine, or any other

privilege or immunity, the Producing Party shall send the Receiving Party a written request seeking return of the original document to the Producing Party (or, at the option of the Receiving Party, destroy the original with written verification provided to Outside Counsel for the Producing Party), destroy or delete all copies thereof, as well as all notes, memoranda or other documents that summarize, discuss or quote the document, and delete any copy of the document, or any portion thereof, from any word processing or database tape or disk it maintains.  The written request shall further include a statement of the basis for the Producing Party's contention that the material is privileged or otherwise immune from discovery and attach a privilege log entry pertaining to the documents or materials that are privileged or otherwise immune from discovery.  Upon receiving notice of inadvertent production, the Receiving Party shall not make any use of such document or thing or disseminate the same in any way other than to challenge the propriety of the asserted privilege or immunity according to Fed. R. Civ. P. 26(b)(5)(B).  The Receiving Party may keep one copy of the inadvertently produced document for the sole purpose of challenging the propriety of the asserted privilege or immunity.  If the challenge is overruled or denied, the document shall be returned or destroyed immediately.

(b)     The unintentional or inadvertent production of privileged, work-product-protected or otherwise immune documents in the course of discovery in this Action shall not constitute a waiver of any privilege, work-product protection or immunity, either as to the produced document or as to any other documents or communications embracing the same or similar subject matter provided that the Producing Party

21

notifies the Receiving Party in writing of such unintentional or inadvertent production:

    (i)    no later than twenty (20) business days after the use of the inadvertently produced document at a hearing, deposition, or in a Court filing; or

    (ii)    no later than ten (10) business days after the Producing Party discovers such unintentional or inadvertent production, whichever is earlier.

(c)    Within five (5) business days of the date of the notice of disclosure from the Producing Party, the Receiving Party will provide certification of compliance with Rule 26(b)(5)(B) that (1) if the Receiving Party does not intend to challenge the assertion of privilege, that the Receiving Party has returned or destroyed the produced documents or material, and all copies and derivations (including any notes or work product made therefrom) or (2) the Receiving Party intends to challenge the assertion of privilege.  If the Receiving Party intends to challenge the assertion of privilege, it must file a motion to compel the production of the documents pursuant to Rule 26(b)(5)(B) within fourteen (14) business days of its notice challenging the assertion of privilege.  Any motion or other application for such order shall not rely upon in any manner or assert as a ground the fact or circumstances of the unintentional or inadvertent production, nor shall it disclose the substance of the inadvertently produced material except to the extent that an *in camera* inspection of the materials is requested.  Pending the Court's ruling, the party challenging the assertion of privilege shall segregate the affected documents and materials, place them in a sealed envelope or other sealed container and shall

not make any use of such documents, electronically stored information, or tangible things.

9. **INADVERTENT DISCLOSURE BY RECEIVING PARTY**

(a)     In the event of disclosure of any information designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION to a Person not authorized to have access to such material, the Party responsible for having made, and any Party with knowledge of, such disclosure shall immediately inform the Producing Party of the inadvertent disclosure, and

(i)      use its best efforts to obtain the return of any such information designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION and to bind such persons to the terms of this Order;

(ii)     within two (2) business days of the discovery of such disclosure, inform such Person of all provisions of this Order and identify such Person to the Producing Party; and

(iii)    request such Person to execute the Undertaking in the form attached hereto as Exhibit A, except that the first sentence of Paragraph 4 of the Undertaking shall be stricken prior to its execution.   The executed Undertaking shall be served upon counsel of record for the Producing Party within five (5) business days of the execution of the Undertaking by the Party to whom information designated as CONFIDENTIAL

INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION was disclosed.

10.    **INADVERTENT FAILURE TO DESIGNATE**

If a Producing Party inadvertently fails to designate the information as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION at the time of oral disclosure or production, the Producing Party may thereafter make a designation pursuant to this Protective Order by serving notice thereof in writing, accompanied by substitute copies of each item, appropriately designated, which shall then be deemed to be subject to the terms of this Protective Order.  The Receiving Party shall then destroy all copies of the inadvertently or unintentionally produced CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION.  Should any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION hereunder be disclosed to any person not entitled to receive the same hereunder, and the Parties intend to have such person be automatically bound by this Protective Order, then such person shall be informed within five (5) business days of the discovery of such disclosure of the provisions of this Protective Order by the Receiving Party, and the Receiving Party shall exercise all reasonable efforts to have such person sign a Confidentiality Undertaking in the form of Exhibit A hereto.  The Parties shall exercise all reasonable efforts to retrieve any such information disclosed to persons not authorized to receive such information under

this Protective Order.  Nothing herein shall prevent the Producing Party from applying to the Court for further or additional relief.

11.     **ATTORNEY ADVICE TO CLIENT**

Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to a Party-client or, in the course thereof, relying upon his or her knowledge of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION, provided, however, that in rendering such advice the attorney shall not disclose any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION received from a Producing Party to unauthorized Persons, except by prior written agreement of counsel by the Parties, or by order of the Court.

12.     **MODIFICATIONS**

This Protective Order may be amended with respect to specific documents or items of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION by Court order, or by written agreement of the Parties.  This Order shall remain in force and effect indefinitely until modified, superseded, or terminated by Order of this Court.

13.     **ADDITIONAL LIMITATIONS ON DISCLOSURE**

Any Party who requests additional limits on disclosure may at any time before the trial of this Action serve upon counsel for the Receiving Party a written notice stating with particularity the grounds of the request.  If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court.

14.    **TERMINATION OF THIS ACTION**

Within sixty (60) days of the final disposition of this Action, including all appeals, all recipients of CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION must either return it, including all copies thereof, to the Producing Party, or destroy such material, including all copies thereof.  In either event, by the 60-day deadline, the Receiving Party must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION, except as set forth below. Notwithstanding this provision, the attorney that the Parties have specifically retained for this Action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION.  Any such archival copies that contain or constitute CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION remain subject to this Order.

15.    **OTHER PROCEEDINGS**

Any Person or Party subject to this Order who becomes subject to a motion to disclose another Party's information designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES

ONLY INFORMATION pursuant to this Order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.  If any documents, tangible things, or information received under this Protective Order and in the possession, custody, or control of any Receiving Party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request, the Receiving Party to whom the process or discovery request is directed shall, unless otherwise precluded from doing so by law or court order, (i) within ten (10) business days after receipt thereof, give written notice by hand, e-mail, or facsimile of such process or discovery request together with a copy thereof, to counsel for the Producing Party; (ii) cooperate to the extent necessary to permit the Producing Party to seek to quash such process or discovery request; and (iii) not produce or disclose the documents, things, or information until the Producing Party consents in writing to production or the Receiving Party is ordered by a court of competent jurisdiction to produce or disclose the documents, things, or information, so long as the order is not stayed prior to the date set for production or disclosure.  In the event that Protected Material is produced to a non-party, such material shall be treated as Protected Material pursuant to this Order.  Nothing herein shall prevent timely compliance with a governmental subpoena or court order.

## 16.    WAIVER OR TERMINATION OF ORDER

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each

Producing Party, or by an Order of the Court for good cause shown.  The restrictions provided for herein shall not terminate upon the conclusion of this Action but shall continue until further Order of the Court.

**17.   INFORMATION FROM NON-PARTIES**

If a non-party provides Discovery Materials to any Party, such non-party may adopt the terms of this Order with regard to the production of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION by executing a Notice of Election to Adopt Stipulated Order on Confidentiality Agreement and Protective Order ("Notice of Election") in the form attached hereto as Exhibit B.  In the event of such election, the provisions of this Order shall apply to such Discovery Materials as if such Discovery Materials were being provided by a Party to this Action.  Under such circumstances, the non-party shall have the same rights and obligations under this Order as held by the Parties to this Action.

**18.   NO CONTRACT**

To the extent that the Parties have agreed on the terms of this Order, such stipulation is for the Court's consideration and approval as an Order. The Parties' stipulation shall not be construed to create a contract between the Parties or between the Parties and their respective counsel.

19.    **EFFECTIVE DATE**

This Order shall be effective on the date of its execution, provided that all material

previously produced prior to the entry of this Order shall be considered "HIGHLY

CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," unless and until they

are re-designated by the Producing Party or by further order of the Court.

The undersigned counsel of record, subject to the approval of the Court, request that the Court enter the above Order as an order of the Court, and stipulate that the Order shall constitute a binding contract among the Parties and their counsel.

**AGREED AND STIPULATED TO**:

Dated: August 3, 2021

PRICE HENEVELD LLP


*s/*Gregory A. Lewis
Gregory A. Lewis (P75796)
glewis@priceheneveld.com
Matthew J. Gipson (P60169)
mgipson@priceheneveld.com
PRICE HENEVELD LLP
695 Kenmoor, S.E. | P.O. Box 2567
Grand Rapids, MI 49501 | 616.949.9610

Of Counsel:

John C. Adkisson
FISH & RICHARDSON, P.C.
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone: 612.335.5070
Facsimile: 612.288.9696


*Attorneys for Plaintiff Cambria Company LLC*

Dated: August 3, 2021

GARAN LUCOW MILLER, P.C.


*s/*Robert D. Goldstein (with permission)
Robert D. Goldstein (P38298)
John W. Whitman (P37932)
Garan Lucow Miller, P.C.
10801 S. Saginaw Street, Bldg. D
Grand Blanc, MI 48439
(810) 695-3700
rgoldstein@garanlucow.com
jwhitman@garanlucow.com

*Attorneys for Defendant Lakeside Surfaces, Inc.*


IT IS SO ORDERED this _____ day of _____, 2021.


_____
The Honorable Paul L. Maloney

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| CAMBRIA COMPANY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.  1:20-cv-00508 (PLM-PJG) |
| | ) | |
| LAKESIDE SURFACES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**UNDERTAKING AND ACKNOWLEDGEMENT OF**
**PROTECTIVE ORDER AND CONFIDENTIALITY STIPULATION**

I, _____, hereby attest as follows:

1.      My home address is _____

_____.

2.      My present employer is _____, and my

present work address is _____

_____.

3.      My present title, occupation, or job description is _____

_____.

4.      I understand that CONFIDENTIAL INFORMATION and/or HIGHLY

CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION may be disclosed

to me under the terms of the Stipulated Protective Order attached to this Undertaking and

Acknowledgement.  I have a copy of and have read the Stipulated Protective Order, and I agree

1

to comply with and be bound by its terms.  I also agree to be subject to the jurisdiction of this Court for the purpose of enforcing this Stipulated Protective Order and this agreement.

5.     I agree that I will not disclose to anyone else the CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION disclosed to me, nor discuss or describe the substance or content of such information, except as provided in the Stipulated Protective Order, and that I will use such information only for the purposes of this litigation.

6.     I agree that I will not keep any CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION or copies of any such information (including notes or other memoranda or writings containing or relating to such information) except to the extent permitted by the Stipulated Protective Order, and, upon request, will destroy or return such information to the attorneys who disclosed such information to me.

Dated:_____          _____
                                                                      Signature

2

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | | |
|---|---|---|
| CAMBRIA COMPANY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.  1:20-cv-00508 (PLM-PJG) |
| | ) | |
| LAKESIDE SURFACES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF ELECTION TO ADOPT STIPULATED ORDER
ON CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

1.      _____, a non-party to the above-captioned litigation, has

been requested and/or subpoenaed by a party to produce discovery containing CONFIDENTIAL

INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY

INFORMATION in connection with the above-captioned litigation.

2.      _____ hereby elects to adopt the terms of the Stipulated

Protective Order with regard to its terms regarding production of CONFIDENTIAL

INFORMATION or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY

INFORMATION.

3.      The provisions of the Stipulated Protective Order shall apply to all documents,

things and other information produced by _____ as if such discovery were

being provided by a party. _____ shall have the same rights and

obligations under the Stipulated Protective Order as held by the parties.

1

Dated:_____            _____
                                        Name


                                        _____
                                        Company