UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CAMBRIA COMPANY LLC,

       Plaintiff,                               Hon. Jane M. Beckering

v.                                     Case No. 1:20-cv508

LAKESIDE SURFACES, INC.,

       Defendant.

_____/

## ORDER

      This matter is before the Court on Plaintiff's motion to amend the complaint. (ECF No. 66).  Defendant opposes the motion.  (ECF No. 76).  In reviewing the motion and the response, the Court has discovered that each party has filed certain exhibits under seal.  (ECF No. 69, 77, 77-1, 77-2, 77-3, and 77-4).  The sealed documents are portions of deposition transcripts.  Having reviewed the transcripts, the Court discerns little, if anything, that requires confidential treatment.

      Plaintiff asserts that its exhibit is being filed under seal "pursuant to the terms of the Stipulated Protective Order."  (ECF No. 69, PageID.411).  Defendant simply filed its exhibits under seal.

      Nothing in the Stipulated Protective Order authorizes the parties to unilaterally seal anything.  Instead, with respect to sealing documents, the protective order provides that the sealing of any document must be done "in accordance with

the provisions of [Local Rule 10.6].″   (Stipulated Protective Order at ¶ 6(a), ECF

No. 30, PageID.164).  The order further provides:  "The burden of proving that such

information should be sealed shall at all times remain on the Party which designated

information as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL –

OUTSIDE COUNSEL'S EYES ONLY INFORMATION." (*Id.* at ¶ 6(c), PageID.165).

Neither party has complied with these provisions.  Instead, each party has

unilaterally filed its respective exhibits under seal without seeking leave of Court, as

required by Local Rule 10.6(b), much less has either party established good cause for

the sealed filing, as required by that rule.

The policy of this Court regarding the potential sealing of any document is as

follows:

> To preserve the qualified, common-law presumption of public access to
> judicial files in civil cases, the filing of documents under seal should be
> the exception.  Sealing is to be limited to information that is truly
> proprietary or confidential.  The Court strongly resists the sealing of
> entire civil pleadings, motions or briefs, as it is rare that the entire
> document will merit confidential treatment.  In lieu of seeking leave to
> file an entire document under seal, parties should incorporate the
> confidential material in a separate document and seek leave to file only
> that document under seal.

W.D. MICH. LCIVR. 10.6(a).  The procedures for seeking leave of Court to file a

document under seal includes the filing of a publicly-filed motion setting forth the

bases for a "good cause" finding.  W.D. MICH. LCIVR. 10.6(b).  Accordingly,

**IT IS ORDERED** that Plaintiff shall, no later than May 27, 2022, file a

motion, consistent with the requirements of Local Rule 10.6(b), concerning its exhibit

filed at ECF No. 69.  Plaintiff shall further designate the specific page and line

numbers of the transcript filed at ECF No. 69 that include "confidential" or "highly confidential" information as defined by the protective order.  To the extent the "confidential" or "highly confidential" designation was made by Defendant, Plaintiff's counsel shall obtain from Defendant's counsel a statement of good cause, which shall be included in Plaintiffs Rule 10.6(b) motion.

**IT IS FURTHER ORDERED** that Defendant shall, no later than May 27, 2022, file a motion, consistent with the requirements of Local Rule 10.6(b), concerning its exhibits filed at ECF No. 77, 77-1, 77-2, 77-3, and 77-4.  Plaintiff shall further designate the specific page and line numbers for each of these transcripts that include "confidential" or "highly confidential" information as defined by the protective order. To the extent the "confidential" or "highly confidential" designation was made by Defendant, Plaintiff's counsel shall obtain from Defendant's counsel a statement of good cause, which shall be included in Plaintiffs Rule 10.6(b) motion.

**Counsel are advised** that, to the extent the Court denies a motion for leave to seal, it will require the moving party to file a redacted copy of the given transcript. *See* W.D. MICH. LCIVR. 10.6(b).

**IT IS SO ORDERED**.

Date: May 24, 2022                     /s/ Phillip J. Green
                                       PHILLIP J. GREEN
                                       United States Magistrate Judge

3