**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CAMBRIA COMPANY LLC,

      Plaintiff,

   v.

LAKESIDE SURFACES, INC.,

      Defendant.

Civil No. 1:20-cv-00508-JMB-PJG

Honorable Jane M. Beckering

**EVIDENTIARY HEARING AND ORAL ARGUMENT REQUESTED**

**DEFENDANT LAKESIDE SURFACES, INC.'S**
**MOTION FOR SPOLIATION SANCTIONS PURSUANT TO**
**FEDERAL RULE OF PROCEDURE 37(c)(1)**

Pursuant to Federal Rules of Civil Procedure 26 and 37(c)(1), Defendant Lakeside Surfaces Inc. ("Lakeside Surfaces") hereby moves this Court to impose sanctions upon Plaintiff Cambria Company LLC ("Cambria") for spoilation of evidence as set forth more fully in Lakeside Surfaces's brief in support.

**Summary of Motion and Basis for Evidentiary Hearing**

This Motion seeks imposition of sanctions to remedy the serious prejudice to Lakeside Surfaces caused by Cambria's total loss of conception evidence for the invention at issue in this patent litigation. Cambria has admitted that at one time the relevant information existed and was in its exclusive care and control, by identifying it in its November 20, 2020 Rule 26(a) Initial Disclosures. Yet it has not been produced despite Cambria being aware of its duty to collect, preserve and produce the evidence at the time it filed this lawsuit. Loss of this evidence is highly prejudicial to Lakeside Surfaces. The loss of this critical evidence isn't speculative – Cambria

admits it.  Nor is severe prejudice to Lakeside Surfaces speculative – this evidence goes toward one Lakeside's main defenses – that the patent at issue is invalid.  What makes this loss of evidence dubious is that this same design patent has been the subject of other court proceedings, in four other federal district courts, dating back to 2018 (the patent only issued in 2017), all of which were patent infringement suits filed by Cambria, two using the same Fish & Richardson law firm as is counsel here and as procured the D'332 Patent in suit.

Given the severity of the harm, Lakeside requests that the Court impose sanctions under Rules 26 and 37(c), including entry of an Order finding as conclusively established facts for purposes of this action:  (i) the marble samples given to Cambria's CEO and Founder Martin Davis by Cambria's former Georgia-based dealer, the picture taken by Davis of the same, and the other conception evidence spoliated by Cambria, all showed the same design as is shown in U.S. Design Patent No. 780,332 (the "D'332 Patent"); (ii) the D'332 design was meant to embody the form and features of natural quarried marble, and (iii) there is no significant departure from that form as to render the design of the D'332 Patent sufficiently distinctive from natural quarried stone. In order to fully flesh out the issues and degree of culpability of Cambria and its agents, Lakeside is requesting an evidentiary hearing and oral argument under separate motion.

WHEREFORE, Lakeside Surfaces respectfully requests that the Court GRANT Lakeside's separate request for an evidentiary hearing on its Motion for Sanctions for Spoliation of Evidence, find that evidence was spoliated, find that spoliation sanctions are appropriate, and enter the attached Order of Court imposing upon Cambria specific, measured sanctions.  A party cannot contemplate bringing a series of patent infringement suits on one of the main patents in its portfolio, but "clear out" harmful evidence in its possession before doing so.  This approach has

been tried before.  *Micron Tech., Inc. v. Rambus Inc*., 645 F.3d 1311 (Fed. Cir. 2011).  Unsuccessfully.

Sanctions are appropriate.  Lakeside submits this Motion should be granted.

                              Respectfully submitted,

                              GARAN LUCOW MILLER, P.C.

DATED:  July 29, 2022            *s/ Robert D. Goldstein*
                              ROBERT D. GOLDSTEIN (P38298)
                              10801 S. Saginaw Street, Bldg. D
                              Grand Blanc, MI 48439
                              (810) 695-3700

                              MARCUS & SHAPIRA LLP

DATED: July 29, 2022            *s/ Leland P. Schermer*
                              LELAND P. SCHERMER
                              301 Grant Street, 35th Floor
                              One Oxford Centre
                              Pittsburgh, PA 15219-6401
                              (412) 338-3990

                              *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2022, a true and correct copy of the foregoing Motion for Spoliation Sanctions was electronically filed and served via operation of the Court's CM/ECF system, which will automatically send e-mail notification of such filing to the attorneys of record entitled to notice who are registered users of ECF.

*s/ Leland P. Schermer*
Leland P. Schermer