UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CAMBRIA COMPANY LLC,

    Plaintiff,

v.

LAKESIDE SURFACES, INC.,

    Defendant.

_____/

Hon. Jane M. Beckering

Case No. 1:20-cv-0508-JMB-PJG

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's petition for reimbursement of costs incurred in bringing its successful motion for a protective order. (ECF No. 177). Defendant has responded. (ECF No. 181). Defendant does not contest the amount of fees and expenses sought, (*id.* at PageID.2847), but rather, questions the undersigned judicial officer's jurisdictional authority to award costs under Federal Rule of Civil Procedure 37. (*See id.* at PageID.2847-48). The Court has determined that oral argument is unnecessary. For the reasons articulated herein, the petition will be granted in part and denied in part.

Relevant Procedural History

On August 4, 2022, Plaintiff filed an emergency motion for a protective order to prevent Defendant from taking the deposition of a third party. (ECF No. 148). Plaintiff noted that the deposition subpoena was served some five months after the close of discovery. (*Id.* at PageID.2064). Defendant responded, arguing that the

subpoena sought a *de bene esse* deposition for use at trial. (ECF No. 160, PageID.2238-41). The Court conducted a hearing on August 18, 2022 (Minutes, ECF No. 170), after which the Court granted the motion (ECF No. 171).

Relevant to the Court's decision was the fact that Defendant failed to disclose the name of the third party it sought to depose, as required by Rules 26(a)(1) and 26(e). (Aug. 18, 2022, Hrg. Tr. at 20, ECF No. 176, PageID.2768). Accordingly, and pursuant to Rule 37(c), the Court precluded the taking of testimony from the potential witness. (*Id.*). The Court, having given Defendant's counsel an opportunity to address the issue of whether costs should be imposed (*id.* at PageID.2771-72), issued a decision "to award costs in the form of attorney's fees and costs in bringing the motion for a protective order" (*id.* at PageID.2773).

Plaintiff timely filed its petition for costs on September 1, 2022. (ECF No. 177). Plaintiff seeks $13,657.80 in fees and $1,317.95 in expenses. (*Id.* at PageID.2775-76). The petition is supported by declarations of counsel (ECF No. 179, 180), along with billing records and receipts (ECF No. 179-1, 179-2, 180-1, 180-2, 180-3, 180-4). Defendant timely responded. (ECF No. 181).

ANALYSIS

I. Jurisdictional Issue

The Court will first address the issue of the undersigned's authority to award costs under Rule 37. It warrants little analysis. Defendant cites to only two cases in support of its contention. (*See* ECF No. 181, Page ID.2848 (citing *Vogel v. U.S. Office Products Co.*, 258 F.3d 509 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506 (6th

Cir. 1993)). Neither of these cases mention Rule 37, much less do they address the issue of whether a magistrate judge has authority to awards costs under that rule.[1]

"There is little debate as to whether a magistrate judge can enter an order imposing monetary sanctions on a party under Rule 37." *Builders Insulation of Tenn., LLC v. Southern Energy Solutions*, Case No. 17-cv-2668-TLP, 2020 WL 265297, *4 (W.D. Tenn. Jan. 17, 2020)(citing eleven cases). There is nothing dispositive about an award of costs under Rule 37. To the contrary, it is precisely the type of *"pretrial matter"* a magistrate judge is authorized to decide under 28 U.S.C. § 636(b)(1)(A). *See, e.g. New London Tobacco Market, Inc. v. Kentucky Fuel Corp.*, Case No. 6:12-CV-91, 2016 WL 11432471, *1 n.1 (citing, *inter alia*, Starcher v. Corr. Med. Sys., Inc., 144 F.3d 418, 421 (6th Cir. 1998), *aff'd sub nom. Cunningham v. Hamilton Cty., Ohio*, 527 U.S. 198 (1999) (considering a magistrate judge's award of attorneys' fees under Rule 37)); *see also Brown v. Tellermate Holdings Ltd.*, Case No. 2:11-cv-1122, 2015 WL 4742686, *1 (S.D. Ohio Aug. 11, 2015)(collecting cases for the proposition that an award of fees under Rule 37 is a non-dispositive matter); *Zang v. Zang*, Case No. 1:11-cv-884, 2014 WL 5426212, *4 (S.D. Ohio Oct. 22, 2014) (same). A magistrate judge's decision would be subject to review by the district judge under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A).

---

[1] In the *Vogel* decision, the Sixth Circuit held that a magistrate judge lacked authority to remand a case to state court, as it is the functional equivalence of an order to dismiss. 258 F.3d at 517. In *Massey*, the Sixth Circuit addressed the issue of whether a magistrate judge could issue *post-dismissal* sanctions under Federal Rules of Civil Procedure 11 and 41, holding that such matters must be decided by a district judge. 7 F.3d at 509-10.

II.     Fees and Expenses Requested

Rule 37(c) provides, in relevant part, that, in addition to the sanction of being precluded from using a witness not properly disclosed, as required by Rule 26(a), "the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure." FED. R. CIV. P. 37(c)(1)(A). Having already found a sufficient basis for awarding costs, the only remaining issue is the reasonableness of the fees and expenses sought.

The Supreme Court has explained that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This is the "lodestar method" of calculation. *See Perdue v. Kenny A.*, 559 U.S. 542, 546 (2010); *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005); *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000).[2]

A.     The Reasonable Hourly Rate

The Court begins this analysis by determining a reasonable hourly rate. "Ordinarily, courts look to '[rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.' " *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995) (quoting *Blum v. Stenson*, 465 U.S. 886,

---

[2] The Sixth Circuit "rel[ies] on precedents involving attorney fees without regard to whether they involved Title VII or some other federal statute." *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005).

896 n.11 (1984)).  There is a presumption in favor of the community market rates. *See, e.g., Blum*, 465 U.S. at 895 ("'[R]easonable fees' . . . are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel."); *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) ("A trial court, in calculating the 'reasonable hourly rate' component of the lodestar computation, should initially assess the '*prevailing market rate in the relevant community*.'" (quoting *Blum*, 465 U.S. at 895)) (emphasis in *Adcock-Ladd*); *Coulter v. Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986) ("We . . . apply the principle that hourly rates for fee awards should not exceed the market rates necessary to encourage competent lawyers to undertake the representation in question.").  The so-called "community market rule" has the "principle virtue of being the easiest way to cope with the 'inherently problematic' task of ascertaining a reasonable fee in a situation where 'wide variations in skill and reputation render the usual laws of supply and demand inapplicable[.]' " *Hadix*, 65 F.3d at 536 (quoting *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)).

Having determined that the community market rule applies here, the next step is determining the prevailing market rate in Grand Rapids, Michigan.  In order to determine the local market rate, a court should rely on a combination of its own expertise and judgment. *Garber v. Shiner Enterprises, Inc.*, No. 1:06-cv-646, 2007 WL 4557857, *1 (W.D. Mich. Dec. 21, 2007) (citing *United States ex rel. Educ. Career Dev., Inc. v. Cent. Fla. Reg'l Workforce Dev. Bd., Inc.*, No. 6:04-cv-93, 2007 WL 1601747, *6 (M.D. Fla. June 1, 2007)).  The Court may consider proof of rates charged

5

in the community under similar circumstances, as well as opinion evidence of reasonable rates. *See Garber*, 2007 WL 4557857 at *1 (citing *Educ. Career Dev., Inc.*, 2007 WL 1601747 at *3). Other relevant sources include the attorney's actual billing rate and fee awards from prior cases. *See Payton v. New Century Mortgage Corp.*, Nos. 03 c 333, 03 c 703, 2004 WL 524693, at *2 (N.D. Ill. Mar.11, 2004).

Plaintiff asks the Court to calculate their award using attorney hourly rates for Mr. Adkisson of $577.00, for Mr. Gipson of $465.00, for Mr. Lewis of $395.00, and for Mr. Sundermeir of $375.00. (Lewis Decl., ECF No. 179, PageID.2808-09; Sundermeir Decl., ECF No. 180, PageID.2823, 2825). In support of these rates, Plaintiff relies, in significant part, on the 2021 American Intellectual Property Law Association (AIPLA) Report of the Economic Survey. (ECF No. 178-1). This is an acceptable source. *See, e.g., Automotive Techs. Intern., Inc. v. Siemens VDO Automotive Corp.*, 744 F. Supp.2d 646, 655 (E.D. Mich. 2010). This Court is concerned, however, that the AIPLA Report of the Economic Survey does not distinguish attorney fee rates by geographic location. As noted above, this Court must assess the reasonableness of the rates for the Grand Rapids, Michigan, area, as that is the applicable community market.

The Court has consulted the 2020 edition of the State Bar of Michigan's Economics of Law Practice in Michigan, which includes reported billing rates for the state of Michigan, including the Grand Rapids area. (*See* www.michbar.org/file/pmrc/articles/0000155). This is an acceptable source. *See Wells v. Corporate Accounts Receivable*, 683 F. Supp.2d 600, 603 (W.D. Mich. 2010)

6

(citing *O'Connor v. Trans Union, LLC*, No. 05-cv-74498, 2008 WL 4910670, *6 (E.D. Mich. Nov. 13, 2008)). "District courts have relied on the State Bar of Michigan . . . Economics of Law Practice Survey to determine average billing rates in Michigan, and the Sixth Circuit has approved this practice." *Wells*, 683 F. Supp.2d at 603 (citing *O'Connor*, 2008 WL 4910670, at *5 and *Lamar Advertising Co. v. Charter Twp. of Van Buren*, 178 F. App'x. 498, 501-02 (6th Cir. 2006)).

This case raises issues involving intellectual property. The State Bar's survey notes that hourly rates for Michigan attorneys who practice in the area of intellectual property vary from $290.00 at the 25th percentile to $595.00 at the 95th percentile, with a $445.00 rate at the 75th percentile. The survey indicates that the hourly rates for Grand Rapids attorneys range from $245.00 at the 25th percentile to $545.00 at the 95th percentile, with a $375.00 rate at the 75th percentile. The information in that survey is a couple of years old, which warrants some upward adjustment here. Weight is given to the rates for attorneys who practice in the area of intellectual property. Informed with this information, as well as the lack of any objection by the Defendant, it is the Court's judgment that the requested hourly rates of Messieurs Lewis and Sundermeir are reasonable ($395.00 and $375.00, respectively). The Court further finds however, that a reasonable local rate for Mr. Adkisson is $475.00, and for Mr. Gipson is $450.00. *Cf. Alvesteffer v. Howmet Aerospace*, Case No. 1:-cv-703, ECF No. 59, PageID.2168 (W.D. Mich., Oct. 25, 2022) (finding reasonable an hourly rate of $475.00 in an ERISA case).

7

B. <u>Hours Reasonably Expended</u>

The next inquiry addresses the number of hours claimed. In order to accept the claimed time expenditure, "the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *United Slate, Tile & Composition Roofers Ass'n, Local 307 v. G. & M. Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 n.2 (6th Cir. 1984). The party seeking an award of attorneys' fees has the burden of proving the number of hours reasonably expended on the litigation. *Hensley*, 461 U.S. at 433; *see Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999).

The Court has considered Plaintiff counsels' itemized description of the work performed in this matter. The Court finds the work performed and the time expended to be reasonable, and Defendant has offered no objection. Mr. Lewis expended 7.6 hours, which results in fee award of $3,002.00; Mr. Sundermeir expended 11.1 hours, which results in a fee award of $4,162.50; Mr. Adkisson expended 9.4 hours, which results in a fee award of $4,465.00; and Mr. Gipson expended 2.3 hours, which results in a fee award of $1,035.00. The total amount of attorneys' fees is $12,664.50.

C.  Expenses

Plaintiff seeks reimbursement for expenses totaling $1,317.95.  (ECF No. 178, PageID.2780).   These include $114.66 in transcript cost, $410.03 for hotel accommodations, $725.00 for airfares, and $68.26 for ground transportation.  (ECF No. 179, PageID.2810; ECF No. 180, PageID.2826).  They appear to be reasonable and necessary, and Defendant does not contest the reasonableness of these costs.  Accordingly, the Court will award them in full.

Conclusion

For the reasons articulated herein, Plaintiff's petition for costs (ECF No. 177) is **GRANTED in part** and **DENIED in part**.  Accordingly,

**IT IS ORDERED** that Defendant shall, within thirty days of the date of this Order, pay to Plaintiff the sum of $13,982.45 in fees and costs.

**IT IS SO ORDERED**.

Date: November 2, 2022    /s/ Phillip J. Green
                          PHILLIP J. GREEN
                          United States Magistrate Judge